# IN THE COURT OF APPEALS OF IOWA

No. 16-1652
Filed February 22, 2017

**IN THE INTEREST OF D.H. and D.H.,**
**Minor children,**

**B.P., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her children. **AFFIRMED.**

Dustin A. Baker of Baker Law Office, Dubuque, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

Kathryn A. Duccini of Duccini Law Office, Dubuque, guardian ad litem for minor children.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her two children, born in 2005 and 2007. She does not challenge the statutory ground for termination cited by the juvenile court. She simply argues the court should have declined to terminate her rights because both children were placed with the father of one of them. *See* Iowa Code § 232.116(3)(a) (2016) ("The court need not terminate the relationship between the parent and child if the court finds . . . [a] relative has legal custody of the child.").

Section 232.116(3)(a) is "permissive, not mandatory." *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016). On our de novo review, we are persuaded the juvenile court appropriately declined to apply this factor.

The mother concedes the children were removed from her care after she failed to attend to the dental needs of one of them and subsequently disappeared. She further concedes she "failed to follow through with services consistently including visitation, substance abuse treatment and drug testing through the [d]epartment [of human services]" and was homeless by choice because she refused to separate from her service dog.

The mother also appeared to be under the influence and was inconsistent in attending visits with her children. The guardian ad litem summarized the problems impeding reunification as follows:

> The issue of any ongoing contact [of the children] with [the mother] has many difficulties. 1) Any ongoing contact must be supervised; 2) [the mother] has not yet addresse[d] the fact that she did not believe or support [one of her children] when it was discovered that [her husband] had sexually assaulted [the child]; 3) [the mother] has serious ongoing issues with her mental health and substance abuse; 4) [the mother] is homeless and despite all efforts

> to assist [the mother] with finding housing [the mother] has [chosen] not to accept the rules of the temporary housing shelter in town; 5) [the relative and mother] do not communicate well; 6) [the relative] . . . should not be the supervisor for any ongoing contact with [the mother].

The guardian ad litem also noted that the children shared "a very special bond" with each other, their relationship needed to "be kept intact," and adoption by the relative would "[e]nsure this." She recommended termination of the mother's parental rights to both children.

A court appointed special advocate similarly recommended termination of the mother's parental rights. She opined the mother had "no protective capabilities regarding her children" and cited her inability to provide "food or shelter," her "skewed" perception, and her unwillingness to "protect [the children] from predators."

In light of this evidence, we affirm the juvenile court's refusal to invoke the relative exception to termination and its decision to terminate the mother's parental rights to the two children.

**AFFIRMED.**